**ROBERTS v KRASNY**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18381. Decided Dec 1, 1941

William Brooker, Cleveland; Charles N. Krieg, Cleveland, for plaintiff-appellee.

William Byrnes, Cleveland, for defendant-appellant.

**OPINION**

PER CURIAM:

This collision took place at the intersection of Shaker Boulevard and Lee Road in Shaker Heights. The two thoroughfares intersect at right angles. Lee Road runs in a northerly and southerly direction; Shaker Boulevard in an easterly and westerly direction, the travelled portions of the road being divided into an east and west lane by the right of way of the Rapid Transit Company, the southerly roadway being designed to carry east-bound traffic. The traffic is controlled at this intersection by the customary automatic signal apparatus equipped with the green, red and caution lights.

Plaintiff, at the time, was travelling in an easterly direction as a passenger in a car driven by one Lacey at a speed of forty to forty-five miles per hour. The defendant was operating an automobile in a northerly direction on Lee Road.

At least six witnesses testified that the defendant had the green light in his favor when he entered the intersection. Only one or two witnesses said directly or indirectly that the east-bound car had a green light in its favor, although Lacey, the driver, says he was going at forty-five miles per hour and also that the light turned red against him when he was about fifty feet west of the intersection.

Whether these vehicles were controlled exclusively by the traffic signal lights at this intersection, or whether §§6310-26 to 6310-28 (a) GC, exclusively control this traffic, or both, the defendant had a right to enter and proceed northerly into and across this intersection, if, at the time of entrance, there was no vehicle or pedestrians within the intersection, uninterruptedly if proceeding in a lawful manner. He had a right to assume that all vehicles approaching this intersection with the green light in his favor, through the drivers, would not be lawbreakers and crash the red light. He had a right to assume that Lacey, driving in an easterly direction on Shaker Boulevard, would not be negligent and a violator of the law, and no duty devolved upon the defendant to anticipate such negligence or violation. He was not obliged to stop at a point within the intersection with the green light in his favor to ascertain whether a car approaching from the west would slow up or crash the light. As against such vehicles or individuals outside of the intersection, as he entered it, the defendant had a legal right to proceed uninterruptedly in a lawful manner, with an assumption that they would exercise due care for themselves and those rightfully in the intersection.

The trial court in its charge placed a duty upon the defendant to exercise a degree of care and caution with respect to other vehicles safely outside of the intersection in conflict with existing rules of traffic. The degree of care and caution particularized by the trial court would result in denying the right of way to a vehicle proceeding under the rights conferred by a favorable green light, or the rights granted by statute to the one approaching from the right.

By reason of errors in the charge in reference to the duty of the defendant, under the facts and circumstances in this case, the judgment is reversed.

Further, in view of the testimony in respect to the green light in favor of the defendant at the time he entered the intersection, and the fact that the driver of the east-bound car, called by the plaintiff, expressly states that the light changed to red against him when about 50 feet to the west of it, and other facts and circumstances shown in the proof, it is our opinion that this

316

judgment is manifestly against the weight of the evidence and the case should be and is remanded upon this ground also for a re-trial.

LIEGHLEY, PJ., MORGAN, J., SKEEL, J., concur.